UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:01-CR-26

v.

Hon. Richard Alan Enslen

CARL BRYNER McMULLAN,

**OPINION**

        Defendant.

_____/

        This matter is before the Court to resolve Plaintiff United States of America's Motion to Reduce Sentence pursuant to Federal Rule of Criminal Procedure 35(b). Defendant Carl Bryner McMullan was sentenced on October 19, 2001 and the Judgment of Sentence entered on October 29, 2001. The Government filed the Motion to Reduce Sentence on May 5, 2005. The circumstances of this case permit the filing of a Rule 35 motion more than one year after sentencing. *See* Fed. R. Crim. P. 35(b)(2)(B)-(C).

        This Court previously scheduled this matter for a formal motion hearing. However, the Court has received sufficient information from Plaintiff (its Motion and Brief) and Defendant (his letters) such that the Court no longer believes that oral argument is necessary. Further, the terms of Federal Rule of Criminal Procedure 43(b)(4), permit this Court discretion to resolve this Motion without oral argument.

        According to Plaintiff's Motion, Defendant cooperated before sentencing and has since cooperated in the trial of *United States v. Roderick Henry*, 2:00-cr-80128 (ED. Mich.) (assigned to the Hon. Denise Page Hood). Roderick Henry operated as a major Los Angeles drug trafficker who shipped hundreds of kilograms of cocaine to Michigan, Ohio, Illinois and the Washington, DC areas.

Defendant's own regular federal prison assignment was interrupted for over a year while he waited to testify against Henry. According to the Assistant United States Attorney in the Eastern District assigned the Henry case, Defendant McMullan was the most articulate of all government witnesses and important to the prosecution. McMullan's testimony led to Henry's conviction and his later sentence to 180 months incarceration. The testimony and information provided by McMullen was "forthright and honest" in the estimation of the United States. The United States has recommended a four-level reduction because of this outstanding assistance. This Motion follows an earlier section 5K1.1 motion, at the time of sentencing, which reduced Defendant's guideline range by three levels.

Defendant was originally sentenced to a guideline sentence of 145 months based on a total offense level of 28 and a criminal history category of VI.[1] The Government's Motion asks for a four-level reduction–meaning that the new guideline range would be between 100 and 125 months. Plaintiff's Motion recognizes, however, that both the granting of the Motion, the determination of the total offense level, and the sentence imposed are matters within the sole discretion of the Court. (*See* Mot. at 3.)

Rule 35 motions are governed by the same substantial assistance factors pertinent under United States Sentencing Commission Guideline Manual section 5K1.1. *United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995); *Medjuck*, 222 F.R.D. at 405. Those factors are: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of the information or testimony provided; (3) the nature and extent of the defendant's assistance; (4)

---

[1] At the time, the United States Sentencing Commission Guideline Manual was mandatory. Now, of course, it is advisory under the decision in *United States v. Booker*, 125 S. Ct. 738 (U.S. Jan. 12, 2005).

any injury suffered or any danger or other risk of injury to defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance. *Id.*

Upon consideration of each of these factors, the Court finds each of the factors to be present and to justify a significant reduction of sentence, excepting that Defendant has not suffered an injury or risk because of his assistance. Furthermore, while Defendant has not suffered injury or threat because of assistance, he has suffered a great amount of personal trouble because of his assistance. This is true in two respects: first, his cooperation greatly interfered with his federal prison assignment and resulted in his prolonged residence in county jails; and second, the cooperation was against a former brother-in-law and led to great friction within Defendant's extended family. Overall, the Court believes that Defendant's cooperation is exceptional and warrants exceptional treatment. Upon reflection of the section 5K1.1 factors and the extent of Defendant's assistance, the Court finds that the Motion should be granted and the Court should depart by four levels. This departure results in a new guideline range of 100 to 125 months. This range is, in light of *Booker*, an advisory guideline range.

After *Booker*, sentencing is now a tripartite process. First, the Court must make an honest calculation of the guideline range given the dictates of the United States Sentencing Commission Guideline Manual. This was previously done as reflected above. Then, the Court must determine whether any departure from the guideline range is due. As stated above, the Court has determined that Defendant is entitled to a four-level departure under Rule 35(b), which departure results in a new guideline range of 100 to 125 months. Finally, the Court must proceed to sentence a criminal defendant under 18 U.S.C. § 3553(a) in light of the advisory guideline range.

Under *Booker*, this Court "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S. Ct. at 767 (Breyer, J.). The Supreme Court held that the factors given in 18 U.S.C. § 3553(a) must be reviewed in determining a reasonable sentence. *Id.* at 765-66. Therefore, this Court will determine a reasonable sentence for Defendant based on the statutory considerations outlined in § 3553(a), together with the pertinent Guideline language.

Section 3553 requires the court to impose a sentence that considers the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. The court must also craft a sentence that affords adequate deterrence to future criminal conduct. Finally, the court should consider the kinds of sentence and the sentencing range established for this particular offense, any pertinent policy considerations, and, in particular, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In this case, Defendant has readily accepted responsibility for his drug offense. He pled guilty in his criminal case and greatly assisted Plaintiff both before and after his sentencing by cooperation against others involved in the illegal sale of drugs. The fact that Defendant has done so at great personal costs to himself is, in the Court's view, indicative of a potential for rehabilitation that is otherwise not reflected in his criminal history. His criminal history itself tends to indicate that Defendant is a career drug offender. In light of all of these circumstances, the Court determines a guideline sentence should be imposed for a term of 108 months.

Therefore, an Amended Judgment of Sentence shall issue which grants Plaintiff's Motion to Reduce Sentence and imposes a sentence of 108 months in place of the sentence previously imposed, but otherwise imposes the same terms and conditions previously imposed.

Dated in Kalamazoo, MI:                          /s/Richard Alan Enslen
August 22, 2005                                  Richard Alan Enslen
                                                        United States District Judge