AO 245C (Rev. 10/97)Amended  Judgment in a Criminal Case - Sheet 1 　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisk (*))

# United States District Court
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 1:01-cr-26-01 |
| CARL BRYNER MCMULLAN | |
| US Marshal's No.: 10345-040 | Frank E. Stanley |
| | Defendant's Attorney |

**Date of Original Judgment:** October 29, 2001

**Reason for Amendment:**  Reduction of Sentence for Substantial Assistance  (Fed. R. Crim P. 35(b))

**THE DEFENDANT** pleaded guilty to Count One.

**Accordingly,** the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21:841(a)(1) 21:841(b)(1)(B)(ii) | Possession With Intent to Distribute 4,952 Grams of Cocaine | February 13, 2001 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| DATED in Kalamazoo, MI: | 　　/s/Richard Alan Enslen |
| August 22, 2005 | HON. RICHARD ALAN ENSLEN |
| | UNITED STATES DISTRICT JUDGE |

AO 245C (Rev.10/97) Judgment in a Criminal Case - Sheet 2 Imprisonment

Judgment--Page 2 of 6
Defendant: CARL BRYNER MCMULLAN
Case Number: 1:01-cr-26-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for total term of **\*ONE HUNDRED EIGHT (108) MONTHS\***.

The Court strongly recommends to the Bureau of Prisons that it designate a facility capable of providing the 500 hour intensive substance abuse treatment program.

The Court also recommends that the Bureau of Prisons designate a facility in close proximity to defendant's home in California.

RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy Marshal

AO 245C (Rev.10/97) Judgment in a Criminal Case - Sheet 3 Supervised Release

Judgment--Page 3 of 6
Defendant: CARL BRYNER MCMULLAN
Case Number: 1:01-cr-26-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

The defendant shall report in person to the probation department in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance and shall refrain from the unlawful use of controlled substances.

The defendant shall not possess a firearm, destructive device or other dangerous weapon.

The defendant shall comply with the standard conditions of supervision (set forth below), and shall comply with the additional conditions on the next page:

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer 15 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev.10/97) Judgment in a Criminal Case - Sheet 3A Supervised Release

Judgment--Page 4 of 6
Defendant: CARL BRYNER MCMULLAN
Case Number: 1:01-cr-26-01

**ADDITIONAL SUPERVISED RELEASE TERMS**

1. The defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. The defendant shall submit to one drug test within 15 days after being placed on supervision, at least two periodic drug tests thereafter within 60 days and a minimum of five periodic drug tests each year..

5. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

6. The defendant shall pay a percentage of the cost of treatment/testing according to the payment schedule adopted by this Court.  This percentage will be determined by the U.S. Probation Officer based upon the defendant's income and dependents at the time of treatment/testing.  Payment shall be made directly to the contract agency providing treatment/testing.

7. The defendant shall abstain from all use of alcoholic beverages.

8. The defendant shall notify the Probation Officer at least fifteen (15) days prior to any change in residence in accordance with the Violent Crime Control and Law Enforcement Act of 1994.

AO 245C (Rev.10/97) Judgment in a Criminal Case - Sheet 5 Criminal Penalties

Judgment--Page 5 of 6
Defendant: CARL BRYNER MCMULLAN
Case Number: 1:01-cr-26-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth below.

|  | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $100.00 | $3,340.00 | $0.00 |

### SPECIAL ASSESSMENT

The defendant shall pay to the United States a special assessment of $100.00.

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $3,340.00

The court has determined that the defendant does not have the ability to pay interest on the fine. It is ordered that the interest requirement on the fine is waived.

AO 245C (Rev.10/97) Judgment in a Criminal Case - Sheet 6 Criminal Penalties

Judgment--Page 6 of 6
Defendant: CARL BRYNER MCMULLAN
Case Number: 1:01-cr-26-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total fine and other criminal monetary penalties shall be due in full immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of the Court, unless otherwise directed by the Court, the probation officer or the United States attorney.

The defendant shall receive credit for all payments made toward any criminal monetary penalties imposed.

Restitution payments shall be made payable to: Clerk, U.S. District Court and mailed to 399 Federal Building, 110 Michigan, NW, Grand Rapids, MI 49503, or any divisional U.S. District Court Clerk's Office, for disbursement to the victim(s).

Payments shall be applied in the following order: (1) assessment; (2) child support obligation; (3) restitution; (4) fine principal; (5) cost of prosecution; (6) interest; (7) penalties.